**IN THE COURT OF APPEALS OF IOWA**

No. 15-1617
Filed April 27, 2016

**IN THE INTEREST OF G.L.,**
**Minor Child,**

**J.K., Mother,**
 Petitioner-Appellee,

**B.L., Father,**
 Respondent-Appellant.
_____

Appeal from the Iowa District Court for Winneshiek County, Alan D.

Allbee, Associate Juvenile Judge.

A father appeals the termination of his parental rights to his child.

**AFFIRMED.**

John J. Sullivan of Sullivan Law Office, P.C., Oelwein, for appellant.

Erik W. Fern of Putnam, Fern & Thompson Law Office, P.L.L.C., Decorah,

for appellee.

Whitney L. Schiller of Shafer & Shafer, Waukon, attorney and guardian ad

litem for minor child.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

The mother of a six-year-old child, G.L., petitioned to terminate the father's parental rights, alleging the father had abandoned the child. *See* Iowa Code § 600A.8(3) (2015). After hearing testimony and receiving exhibits into evidence at trial, the juvenile court terminated the father's parental rights.

The father argues the mother failed to prove by clear and convincing evidence he abandoned the child and, furthermore, termination of his parental rights is not in the child's best interests.[1] The attorney and guardian ad litem for the child recommended termination of the father's parental rights and joined in the mother's brief on appeal.

We have reviewed the record de novo. *See In re G.A.*, 826 N.W.2d 125, 127 (Iowa Ct. App. 2012). Our primary concern is the best interests of the child. *See* Iowa Code § 600A.1. The juvenile court filed a written order containing findings of fact and conclusions of law that identified and considered all of the issues presented. The court properly determined the mother proved the statutory grounds for abandonment by clear and convincing evidence because the father had failed to maintain substantial and continuous or repeated contact with the child and failed to contribute to the support of the child in a reasonable amount. *See* Iowa Code § 600A.8(3)(b). In determining the child's best interests, the court noted that, although terminating the father's parental rights would leave the

---

[1] After this appeal was transferred to our court, the father submitted additional filings for our consideration. These filings are beyond the record on appeal, and we will not consider them. *See* Iowa R. App. P. 6.801 ("Only the original papers and exhibits filed in the district court, the transcript of proceedings, if any, and a certified copy of the docket and court calendar entries prepared by the clerk of the district court in the case from which the appeal is taken shall constitute the record on appeal.").

child without a father, "[the father]'s future potential for financial support for the child during his minority is negligible given [that the father is serving an eighty-seven-month federal prison sentence and does not expect to be released until November 2019,] and [his] prior[] history of failed support." The court recognized the minimal relationship between the father and the child was "strained and emotionally draining for [the child]" and correctly concluded termination was in the child's best interests.

We approve of the reasons and conclusions in the juvenile court's opinion and determine a full opinion would not augment or clarify existing case law. *See* Iowa Ct. R. 21.26(1)(d), (e). Accordingly, we affirm.

**AFFIRMED.**